139 So. 99

**STATE ex rel. SHERRILL v. PAYNE et al.**

8 Div. 349.

Supreme Court of Alabama.

Nov. 19, 1931.

Rehearing Denied Jan. 28, 1932.

A. J. Harris and Norman W. Harris, both of Decatur, for appellant.

E. W. Godbey, of Decatur, for appellees.

ANDERSON, C. J.

Section 133 of the Alabama School Code (1927) provides: "*Trustees, How Selected.*— The County Board of Education shall appoint for every school in the County from six discreet, competent and reliable persons of mature years nominated by the patrons of the said school, three persons residing near the schoolhouse, and having the respect and confidence of the community, to serve as trustees of the school, to care for the property, to look after the general interests of the school, and to make to the County Board of Education, through the County Superintendent of Education from time to time, report of the prog-

ress and needs of the school, and of the will of the people in regard to the school."

The question is, Was it necessary to a valid appointment, by the county board of education, to the office of school trustee, that the persons appointed should have been first nominated by the patrons of the school? That is, whether or no this provision was binding upon the county board or that they had the right to ignore it and appoint three trustees who were not of the six nominated by the patrons or any of them, as was done in this case. There might be some latitude for holding that this provision was not mandatory and that a noncompliance therewith was not a condition precedent to a valid appointment of the trustees; but all doubt as to the legislative intent is dispelled by the history of this enactment, as the statute, as it formerly existed, Acts 1919, article 5, section 27, p. 588, gave the board a discretion in the matter, while the present provision has incorporated therein, "shall appoint for every school in the County from six discreet, competent and reliable persons of mature years *nominated by the patrons of the said school*, three persons residing near the schoolhouse," etc. (Italics supplied.) It is too manifest to require the need or citation of authorities that the lawmakers contemplated that the patrons should have a voice in the matter and that their wishes, as well as the law, should not be arbitrarily ignored and brushed aside.

The answer of the respondents questions the legality of the nomination of the six names submitted, but this would only go to the duty of selecting three of said number and perhaps necessitate another nomination, but would not warrant the board in proceeding to select three trustees whose names were not included in the six nominated or to be nominated by the patrons. While the answer may set up a legal excuse for not appointing from the six names submitted, it sets up no justification for appointing the respondents, and the trial court erred in not sustaining the demurrer to the answer.

The trial court also erred in sustaining the respondents' demurrer to the relator's replication. It sets up a regular and orderly meeting of the patrons and the nomination of six persons legally qualified as trustees and the submission of their names to the board of education. If those attending the meeting, or the persons whose names were submitted, were not patrons, as set up by the answer, the replication made an issue as to this question, and, even if this averment should be decided adversely to the relator, that would merely excuse the appointment of three from the names nominated, but would not justify the appointment of the respondents. Moreover, the statute does not require that the trustees shall be patrons of the school; that is, must be actually sending children or wards to the school.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

THOMAS, BOULDIN, and FOSTER, JJ., concur.